# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE BARNES, and <br> BRIAN RAMSEY <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES (CHUCK) BROY, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL NO. 08-cv-290-MJR <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiffs brought this action for alleged deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983; for alleged violations of 42 U.S.C. § 1985; for alleged violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act; and for alleged state law torts of assault and battery.

Certain references in the complaint to "corrections officers" makes it unclear whether Plaintiff Ramsey is incarcerated or detained in any facility and whether he stands accused of, convicted of, or sentence for, violations of criminal law or the terms and conditions of parole. If so, then Plaintiff Ramsey is a "prisoner" within the meaning of 28 U.S.C. § 1915A and the Court is required to conduct a preliminary review of the complaint. Specifically § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable

> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from
> such relief.

28 U.S.C. § 1915A. Even if Plaintiff Ramsey is not "prisoner" within the meaning of § 1915A, the preliminary review of the instant complaint is proper under Seventh Circuit law. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiffs have brought a forty-four count complaint against various defendants for events occurring during the time period April 21, 2007, to and including May 4, 2007.[1] Specifically, Plaintiff Ramsey alleges that he was arrested on April 21, 2007, by Defendants Broy, Wright, Lawson, and Serrils. This event was allegedly witnessed by Plaintiff Barnes who was placed in handcuffs and "slammed to the hood of a police car" by Defendant John Doe. Plaintiffs contend that all criminal charges against Plaintiff Ramsey stemming from this arrest were subsequently dismissed.

---

[1] Interestingly, none of the forty-four counts appears to assert a claim against Defendant Serrils.

2

Plaintiff Ramsey asserts that on April 23, 1997, Defendant Broy solicited a bribe from him in the amount of $600 on the promise that Plaintiff Ramsey "wouldn't be messed with again." Plaintiff Ramsey states that he paid the bribe because he felt that "he had no choice."

Plaintiffs allege that a boat owned by Plaintiff Ramsey was stolen by one or more of the defendants so that they could clean the blood off it from where Plaintiff Ramsey had been beaten. Plaintiffs further allege that they attempted to file a complaint with Defendant Ladd against Defendant Broy regarding both the beating and the stolen boat, but that Ladd refused to let them file the complaint.

Plaintiffs contend that their residence was placed under surveillance by Defendants Dunnigan and McVey on May 3, 2007, and verbal threats were made to Plaintiff Ramsey.

Plaintiff Ramsey alleges that on May 4, 2007, he was arrested by Defendants Rinella and Serrils and taken to the Williamson County Jail. Plaintiff alleges that while confined in the jail, he was beaten and administered electric shocks by Defendants Rinella, Dunnigan, Crouch, and McVey. Plaintiff contends that these actions were taken while they were under the direct supervision of Defendant Cundiff.

## DISCUSSION

The Court notes that the instant complaint was prepared and filed by an attorney, not a *pro se* action. The Court notes that Defendants Ladd and Lawson have filed motions to dismiss the complaint (or, at least, portions of it) for failing to state a claim pursuant to Rule 12(b)(6) (*see* Docs. 19 and 21). Plaintiffs filed a motion to file an amended complaint (Doc. 28) which stated that the proposed amendment would attempt to address "the legitimate issues raised in

Defendant's [sic] Lawson and Ladd's Motion to Dismiss" (*see* Doc. 28).  Plaintiffs' motion to file an amended complaint, however, was denied without prejudice because it failed to comply with Local Rule 15.1.

A review of the complaint indicates that it is not wholly frivolous or malicious.  Although the Court takes note of the motions to dismiss filed by Defendants Lawson and Ladd, such motions are better referred to the assigned magistrate judge for initial consideration - especially given the likelihood that Plaintiffs' will again seek to file an amended complaint.  Consequently, the Court believes that the complaint should not be dismissed *sua sponte* pursuant to § 1915A at this time.

## DISPOSITION

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this matter remains **REFERRED** to the assigned United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to the assigned United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED this 19th day of August, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**