IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHELLE BARNES, and BRIAN RAMSEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 08-CV-290-MJR |
| CHARLES (CHUCK) BROY, MARK LAWSON, JASON SERRILS, JAMES WRIGHT, THOMAS CUNDIFF, KYLE RINELLA, REBECCA CROUCH, JOSH DUNNIGAN, MATTHEW McVEY, SHAWN LADD, and JOHN DOE, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On April 17, 2008, Plaintiffs Michelle Barnes and Brian Ramsey filed the above-captioned action against the Defendants, alleging violations of state and federal law (Doc. 2). Plaintiffs' first amended complaint, containing forty separate counts, was filed on August 30, 2008 (Doc. 39). The complaint stems from allegations of brutality, conspiracy, and other unlawful actions taken by local police against Plaintiffs. However, it appears that only Counts 25, 27, and 28 pertain to Defendant Lawson. In particular, Count 25 is brought under **42 U.S.C. § 1983**. Though the complaint is not a model of clarity, it appears that Plaintiffs allege that Lawson violated Ramsey's Fourth, Eighth, and Fourteenth Amendment rights (*see* Doc. 39, p. 3, ¶ 7).

Currently before the Court is Defendant Lawson's motion to dismiss (Doc. 43), which seeks dismissal of Count 25 to the extent that it is based on any violation of the Eighth Amendment or the equal protection clause of the Fourteenth Amendment. In his response, Ramsey clarifies that

he did not intend to suggest that Lawson violated his Eighth Amendment or equal protection rights (Doc. 62, p. 4). As a result, he asks to withdraw any Eighth Amendment or Fourteenth Amendment equal protection claims he may have inadvertently raised against Lawson in Count 25.

In light of Plaintiff Ramsey's concession, the Court **GRANTS** Lawson's motion to dismiss (Doc. 43). Count 25 is **DISMISSED** only to the extent that it attempts to raise a § 1983 claim under the Eighth Amendment or the equal protection clause of the Fourteenth Amendment.

However, the Court notes that any confusion surrounding the nature of the claims alleged in Count 25 is of Plaintiffs' own doing. In fact, it is not entirely clear what particular constitutional violations Plaintiffs believe Lawson has committed. Accordingly, the Court **DIRECTS** Plaintiffs to amend Count 25 of the complaint so as to specifically allege the constitutional rights that they believe Lawson's conduct violated.

The amended complaint shall be filed **no later than June 23, 2009.** All amendments shall only be made within the body of Count 25. Additionally, the complaint may only be amended insofar as any such amendment is consistent with this Order. To be clear, this Order only permits Plaintiffs to make changes to Count 25, and those changes must be consistent with this Order.

As a result, the Court **EXTENDS** the dispositive motions deadline to **July 1, 2009.**

**IT IS SO ORDERED.**

**DATED this 16th day of June 2009**.

> **s/ Michael J. Reagan**
> **Michael J. Reagan**
> **United States District Judge**