**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHELLE BARNES, and BRIAN RAMSEY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  Case No. 08-CV-290-MJR |
| | ) |
| CHARLES (CHUCK) BROY, MARK LAWSON, JASON SERRILS, JAMES WRIGHT, THOMAS CUNDIFF, KYLE RINELLA, REBECCA CROUCH, JOSH DUNNIGAN, MATTHEW McVEY, SHAWN LADD, and JOHN DOE, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A.  Background and Introduction**

On April 17, 2008, Plaintiffs Michelle Barnes and Brian Ramsey filed the above-captioned action against the Defendants, alleging violations of state and federal law (Doc. 2). Plaintiffs' first amended complaint, containing forty separate counts, was filed on August 30, 2008 (Doc. 39).  The complaint stems from allegations of brutality, theft, intimidation, conspiracy, and other unlawful actions taken by local police against Plaintiffs.  Only Counts 17, 23, 29, and 32 state claims against Defendant Ladd, the Chief of Police for Energy, Illinois.[1]

On September 15, 2008, Defendant Ladd moved to dismiss the claims against him pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** (Doc. 46).  Plaintiffs submitted their

---

[1] In Counts 17 and 23, Plaintiffs allege that Ladd violated their constitutional rights under 42 U.S.C. § 1983.  In Counts 29 and 32, Plaintiffs allege that Ladd violated the Racketeer Influenced Corrupt Organization (RICO) Act, 18 U.S.C. §§ 1961–1968.

response on October 29, 2008 (Doc. 65). On November 11, 2008, Ladd filed a reply (Doc. 69). Having fully reviewed the parties' filings, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant Ladd's motion to dismiss.

## B. Legal Standards

Dismissal is warranted under **Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE** if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, **550 U.S. 544 570 (2007)**; *EEOC v. Concentra Health Services, Inc.*, **496 F.3d 773, 776 (7th Cir. 2007).**

Stated another way, the question in a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests. *Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 512 (2002)**; *Mosely v. Board of Education of City of Chicago*, **434 F.3d 527, 533 (7th Cir. 2006).** As the Supreme Court recently explained, "[a] pleading that merely offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, **129 S.Ct. 1937, 1949 (2009) (quoting** *Twombly*, **550 U.S. at 555 & 557).** Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, although federal complaints need only plead claims, not facts, the pleading regime created by *Twombly* requires the complaint to allege a plausible theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC*, **530 F.3d 590, 596 (7th Cir. 2008)**; *see also Limestone Dev. Corp. v. Village of Lemont, Ill.*, **520 F.3d 797, 803-04 (7th Cir. 2008).** In *Tamayo v. Blagojevich*, the Seventh Circuit emphasized that even though *Twombly*

2

"retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation," notice pleading is still all that is required. **526 F.3d 1074, 1083 (7th Cir. 2008).** "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." ***Id.*; *Accord Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) ("surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the allegations "must be enough to raise a right to relief above the speculative level").**

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. ***Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.),** *cert. denied***, 128 S. Ct. 357 (2007);** *Marshall v. Knight***, 445 F.3d 965, 969 (7th Cir. 2006);** *Corcoran v. Chicago Park District***, 875 F.2d 609, 611 (7th Cir. 1989).**

## C. Analysis

### 1. Counts 17 & 23: Plaintiffs' Claims Under 42 U.S.C. § 1983

At the outset, the Court notes that Plaintiffs' complaint is by no means a model of clarity, and the Defendants' confusion regarding their claims stems largely from the fact that the allegations generically point to violations of their Fourth, Eighth, and Fourteenth Amendment rights without further specificity. However, the Plaintiffs' response does help to clarify matters to some extent, and as a general matter, the nature of these claims is more or less implied within the complaint's factual basis. Obviously, the Court construes all reasonable inferences in favor of the Plaintiffs, but Plaintiffs' counsel must be admonished, as careless drafting makes the complaint difficult for a defendant to understand and burdens the Court's ability to dispose of the pending motions in a timely and efficient manner.

With that, the Court now turns to the substance of the motion at hand. Counts 17 and

23 allege that Ladd violated Plaintiffs' rights under **42 U.S.C. § 1983**, which creates a federal cause

of action for "the deprivation, under color of law, of a citizen's rights, privileges, or immunities

secured by the Constitution and laws of the United States." Thus, in assessing whether a complaint

states a claim upon which relief can be granted, the Court looks for two elements in a § 1983 cause

of action: (1) whether Plaintiffs allege that they were deprived of a federal right, and (2) whether

Plaintiffs allege that the person violating that right acted under color of state law. *Gomez v. Toledo*,

**446 U.S. 635, 640 (1980).**

Ladd primarily argues that the allegations in the complaint do not adequately allege

that he personally violated the Plaintiffs' rights. The Court now addresses Plaintiffs' § 1983 claims

by addressing in turn each of the relevant constitutional violations alleged.

### a. Plaintiffs' Fourth Amendment Claims

Plaintiffs allege that Ladd, acting under color of state law, deprived them of their

Fourth Amendment right to be free from unreasonable searches and seizures. In order to establish

liability under § 1983, a plaintiff must prove that the defendant was personally responsible for the

deprivation of the constitutional right in question. *Rascon v. Hardiman*, **803 F.2d 269, 273 (7th**

**Cir. 1986) (noting that "[a]n** *individual* **cannot be held liable in a § 1983 action unless he caused**

**or participated in an alleged constitutional deprivation." (quoting** *Wolf-Lillie v. Sonquist*, **699**

**F.2d 864, 869 (7th Cir. 1983) (emphasis in original)).** Additionally, "to establish a claim against

a supervisory official, there must be a showing that the official knowingly, willfully, or at least

recklessly caused the alleged deprivation by his action or failure to act." *Id.* **at 274 (citing** *Smith*

*v. Rowe*, **761 F.2d 360 (7th Cir. 1985)).** Supervisor liability attaches "where a supervisor, with

knowledge of a subordinate's conduct, approves of the conduct and the basis for it." *Kernats v.*

*O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994). In other words, "[t]he supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Because Plaintiffs' claims against Ladd are premised, at least in part, on a theory of supervisory liability, it is important to note at the outset that the complaint alleges that Defendants Broy and Lawson are the only two Defendants whom Ladd supervised at the time of the incidents in question.

There are a number of incidents described in the complaint that appear to underlie Plaintiffs' general Fourth Amendment claims. First, on April 21, 2007, Ramsey claims he was beaten and wrongfully arrested by various officers, including Defendants Broy and Lawson (Doc. 39, ¶¶ 25–35). During the same incident, Barnes alleges that she too was handcuffed and detained without cause, while the officers beat Ramsey (Doc. 39, ¶¶ 30, 33). Plaintiffs allege that they reported the incident directly to Defendant Ladd on May 1, 2007 and asked to file formal charges against Broy.[2] According to Plaintiffs, Ladd refused to intervene and stated: "People like you don't light in this town very long. As long as you live here you're going to have problems with the police . . . I'll promise you this. There is more of that coming. (Doc. 39, ¶¶ 44, 45).

According to Plaintiffs, these statement were prophetic, as they allege that, on May 4, 2007, Plaintiff Ramsey was allegedly arrested without cause and taken to the Williamson County Jail, where officers beat and tortured him (Doc. 39, ¶¶ 53–69). At that time, Ramsey's and Barnes's home was allegedly searched without a warrant (Doc. 39, ¶¶ 55). While no Energy Police Officers

---

[2] Plaintiffs also claim that Broy stole Ramsey's boat. However, it does not appear that Plaintiffs intend to allege that this conduct constitutes an illegal seizure of property under the Fourth Amendment. Accordingly, the Court declines to address that possibility further. However, it should be noted that when Plaintiffs met with Ladd, they also discussed their allegation of this theft.

directly participated in the alleged search and seizure on May 4, 2007, Plaintiffs claim that

Defendant Ladd had advance knowledge of the Defendants' intention to violate his civil rights and

participated in planning the wrongful arrest, search, and subsequent beatings (Doc. 39, ¶¶ 39–47,

71).

With respect to the April 21, 2007 incidents, it is clear that Plaintiffs have stated a

claim upon which relief can be granted.  They allege that Defendant Ladd had knowledge of the

incidents when they occurred and that he was assisting Defendant Broy (*see* Doc. 39, ¶ 47).  These

allegations sufficiently state a claim for supervisor liability with respect to the Fourth Amendment

claims related to April 21, 2007.

With respect to the May 4, 2007 incidents, the waters are considerably murkier.

Supervisor liability does not provide a basis for relief as to any Fourth Amendment violation that

occurred that day, because the allegations in the complaint indicate that only Williamson County

officers were involved.  Obviously, these officers were not under Ladd's command.  However, the

Court declines to dismiss any claims against Ladd related to this incident, since the Plaintiffs allege

that Ladd was personally involved in the planning of the wrongful arrest, search, and attack.

Specifically, Plaintiffs allege Defendant Ladd had foreknowledge that the second beating was

coming due to his alleged threats on May 1, 2007.  Additionally, they claim that Ladd "[e]ither . .

. participated in planning the second beating, or . . . knew about it and did nothing to prevent it"

(Doc. 39, ¶ 71).  The reasonable inference, of course, is that Ladd used his capacity as Chief of

Police to coordinate the attack with officers in the Williamson County Sheriff's Department.  As

such, Plaintiffs claim that he was directly and personally involved in the violation of his Fourth

Amendment rights.  While it is unclear whether Plaintiffs will succeed in producing sufficient

evidence to support these claims, the allegations are sufficient to survive dismissal under Rule

12(b)(6).

The Court finds Plaintiffs' complaint sets out enough facts to state a claim for relief that is plausible on its face. Defendant Ladd's motion must be denied to the extent that it seeks the dismissal of Plaintiffs' § 1983 claims that he violated their Fourth Amendment rights. However, due to the poor drafting of the Plaintiffs' complaint, the Court will require Plaintiffs' counsel to amend Counts 17 and 23 to specifically state the nature of the Fourth Amendment violations alleged against Ladd, but only to the extent that they are consistent with the Court's understanding of the complaint as explained in this Order.

### b. Plaintiffs' Eighth Amendment Claims

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Court notes that there does not appear to be any allegations remotely resembling an Eighth Amendment violation as to Plaintiff Barnes. Thus, the Court dismisses Barnes's § 1983 claim to the extent that it may rely on the Eighth Amendment's prohibition against cruel and unusual punishment.

Ramsey states in his response that his Eighth Amendment claim against Ladd stems only from the alleged beatings administered by various officers on May 4, 2007, as described above, and the denial of medical treatment while he was detained afterwards. However, the Seventh Circuit has made it clear that the Eighth Amendment only applies to convicted persons, and Ramsey was not in police custody as a result of any conviction at the time of this incident. *See Williams v. Rodriguez*, **509 F.3d 392, 401 (7th Cir. 2007).** Accordingly, Ramsey's § 1983 claim must be dismissed to the extent that it relies on the Eighth Amendment.

Nonetheless, the same standards imposed by the Eighth Amendment for deliberate indifference to a serious medical need apply to pre-trial detainees under the Fourteenth

7

Amendment's due process clause. *Id.* And excessive force claims by a detainee arise under the Fourth Amendment. *See Marion v. City of Corydon, Indiana*, **559 F.3d 700, 704–05 (7th Cir. 2009).** Plaintiffs' allegations are obviously geared towards these particular claims, even though Plaintiffs' counsel erroneously believed that they are viable under the Eighth Amendment. Indeed, Plaintiffs' counsel has been woefully deficient in expressly identifying the nature of the § 1983 claims involved in this lawsuit.

That these Fourteenth and Fourth claims are viable at this stage should be clear from the Court's analysis in the Fourth Amendment context. With respect to the second beating, the Plaintiffs have alleged Defendant Ladd's personal involvement in the planning stage and his cooperation with the Williamson County officers' beating of Ramsey, both during his arrest and during his detainment at the county jail. As the alleged intent was to torture Ramsey, it can be inferred that Ladd was also involved in the decision to refuse medical care.

Thus, the Court must dismiss Plaintiffs' Eighth Amendment claims, but, in doing so, recognizes that Ramsey has pled sufficient allegations to raise the intended causes of action for excessive force under the Fourth Amendment and deliberate indifference to his serious medical needs under the Fourteenth Amendment. Plaintiffs' counsel shall amend the § 1983 claims in Counts 17 and 23 to specifically indicate which constitutional amendments were violated and generally describe the factual allegations supporting these claims in a manner consistent with the Court's ruling.

### c. Plaintiffs' Fourteenth Amendment Claims

The Fourteenth Amendment of the United States Constitution provides two types of protection: equal protection of the laws and due process. It should come as no surprise that Plaintiffs' complaint fails to clearly state which type of protection they plan to invoke, and as such,

the Court reviews both. However, in their response, Plaintiffs indicate that they sought to bring a "class of one" equal protection claim, as well as a substantive due process claim.

To state a "class of one" equal protection claim under the Fourteenth Amendment, a plaintiff must demonstrate that "the defendant deliberately sought to deprive [the plaintiff] of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Crowley v. McKinney*, **400 F.3d 965, 972 (7th Cir. 2005) (quoting *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000)).** Alternatively, a plaintiff can state such a claim "by showing that the defendant had without a rational basis intentionally treated the plaintiff differently from others similarly situated." *Id.* **(discussing *Tuffendsam v. Dearborn County Board of Health*, 385 F.3d 1124, 1127 (7th Cir. 2004)).**

Plaintiffs' complaint specifically alleges that Defendant Ladd and his subordinates targeted and harassed Plaintiffs solely because of Defendant Broy's personal animosity towards them. As such, Plaintiffs' sufficiently support a "class of one" equal protection claim, since they allege that Energy and Williamson County officers acted on personal animosity to assault Ramsey, illegally search Plaintiffs' home, repeatedly threaten them, handcuff Barnes, and arrest and tortur Ramsey without any lawful basis for doing so. Furthermore, Plaintiffs allege that Ladd himself singled them out and treated them differently from other Energy residents by stating: "People like you don't light in this town for very long. As long as you live here, you're going to have problems with the police" (Doc. 39, ¶ 44). The Court does not have to look hard to find that there are sufficient allegations to support a "class of one" equal protection claim.

With respect to their substantive due process claims, the Court notes that inaction by state agencies or their failure to protect does not constitute a violation of substantive due process rights. *Windle v. City of Marion, Ind.*, **321 F.3d 658, 661 (7th Cir. 2003).** An exception to this

rule, however, is the "state-created danger exception," which recognizes a substantive due process violation where the state has "created or exacerbated the danger from which it failed to protect the victim." *Id.* **(discussing *Deshaney v. Winnebago County Dept. Of Soc. Serv.*, 489 U.S. 189 (1989)).** In determining whether a constitutional violation has occurred, the Seventh Circuit suggests the following questions: "What actions did [the state actor] affirmatively take, and what dangers would [the victim] otherwise have faced?" ***Wallace v. Adkins,* 115 F.3d 427, 430 (7th Cir. 1997).**

Taking all well-pled facts as true, Ramsey but not Barnes has sufficiently states a substantive due process claim under the "state-created danger exception." Specifically, the complaint alleges that Ladd was involved in planning and staging the May 4, 2007 attack and arrest of Ramsey. In other words, they allege that Defendant Ladd affirmatively helped create the harm and exacerbated the dangers that Ramsey faced from Energy and Williamson County officers. However, Barnes states no such claim, as there is no allegation that she was ever targeted by Ladd for a physical attack, though she was temporarily handcuffed at one point.[3]

Additionally, the Court cannot find that Ladd's refusal to investigate or file a complaint against Broy gives rise to a substantive due process claim. Such conduct clearly falls outside the scope of the "affirmative conduct" required to support such a claim. Thus, Plaintiffs' substantive due process claim must be dismissed to the extent that it is based on Ladd's failure to file a complaint against Broy.

---

[3] It should be noted that while Plaintiffs appear to allege that Ladd may have participated in planning the illegal search of Plaintiffs' home, Plaintiffs' response indicates that their Fourteenth Amendment substantive due process claim relates only to the beatings and arrest of Ramsey on May 4, 2007 and Ladd's refusal to investigate their claims against Broy.

To summarize, the Court finds that Plaintiffs have effectively stated a "class of one" equal protection claim under the Fourteenth Amendment, and that Ramsey has stated a substantive due process claim with respect to Ladd's alleged participation in the ordering and/or planning of the May 4, 2007 beatings. However, Barnes has not stated any such substantive due process claim, and Plaintiffs have not adequately pled a substantive due process claim relating to Ladd's failure to investigate or file charges against Broy.

As with Plaintiffs' other § 1983 claims, Plaintiffs' counsel shall amend the complaint so as to specifically identify the nature of the Fourteenth Amendment claims and the factual basis for each.

**2. Counts 29 & 32: Plaintiffs' Claims Under the RICO Act**

Finally, Defendants request dismissal of Plaintiffs' RICO claims. The civil remedies portion of the RICO Act provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee." **18 U.S.C. § 1964(c).** In turn, **§ 1962** includes four subsections, each explaining various conduct that is prohibited under the Act.

Plaintiffs' complaint does not identify which subsection(s) of § 1962 may be implicated here, which makes it difficult for the Court and the Defendants to determine whether or not the complaint states a valid cause of action based on the allegations therein. Additionally, the RICO claims (Counts 29 and 32) do not directly set out any factual allegations that would, if true, support a RICO claim.

"The basic elements common to all civil RICO claims are: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct or

11

control of an enterprise." ***Pelfresne v. Village of Rosemont*, 174 F.R.D. 72, 77 (N.D. Ill. 1997);** *see*

***Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 489 U.S. 1079 (1989).** Moreover, the enterprise in

question must engage in activities that affect interstate or foreign commerce.

But the complaint is devoid of any direct allegation as to the elements of Plaintiffs'

RICO claims, instead referring generally to the complaint's factual allegations and leaving it to the

reader to speculate as to which facts Plaintiffs believe support their claims. The Court can

reasonably infer that the "enterprise" in question includes either, or both, the Energy Police

Department or the Williamson County Sheriff's Department. However, there are no allegations that

these "enterprises" affect interstate commerce or how they do so. Additionally, there is no direct

allegation as to which acts in particular would establish the requisite pattern of racketeering activity.

This includes the absence of any allegation that there is a likelihood of continued criminal activity.

The Court "need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst*

*v. Lockheed-Martin Corp.***, 328 F.3d 374, 378 (7th Cir. 2003).** And the Defendants cannot be

expected to engage in wild speculation as to which allegations Plaintiffs intend to use in support of

their RICO claims.

Accordingly, Plaintiffs' RICO claims must be dismissed without prejudice.

However, Plaintiffs' counsel may amend their RICO claims in Counts 29 and 32 so as to specifically

identify the subsections of **§ 1962** upon which they rely, along with factual allegations necessary to

support any such claims.

### D.  Conclusion

For the reasons explained above, the Court hereby **GRANTS IN PART AND**

**DENIES IN PART** Defendant Ladd's motion to dismiss (Doc. 46).

Defendant Ladd's motion is **DENIED** to the extent that it seeks the dismissal of Plaintiffs' § 1983 claims that he violated their Fourth Amendment rights. However, the Court **DIRECTS** Plaintiffs' counsel to amend Counts 17 and 23 to specifically state the nature of the Fourth Amendment violations alleged against Ladd.

The Court **GRANTS** Ladd's motion to dismiss Plaintiffs' Eighth Amendment claims, but recognizes that Ramsey has essentially pled sufficient allegations to raise causes of action for excessive force under the Fourth Amendment and deliberate indifference to his serious medical needs under the Fourteenth Amendment. As such, Plaintiffs' counsel may amend the § 1983 claims in Counts 17 and 23 to specifically indicate which constitutional amendments were violated and generally describe the factual allegations supporting these claims.

The Court **DENIES** Ladd's motion to dismiss Plaintiffs' "class of one" equal protection claim under the Fourteenth Amendment. The Court also **DENIES** Ladd's motion to dismiss Ramsey's substantive due process claim, insofar as Ladd allegedly participated in the ordering and/or planning of the May 4, 2007 beating and arrest. Nonetheless, the Court **DIRECTS** Plaintiffs' counsel to amend Counts 17 and 23 in order to make these allegations clear.

However, the Court finds that Barnes has not stated any such substantive due process claim, and Plaintiffs have not adequately pled a substantive due process claim relating to Ladd's failure to investigate or file charges against Broy. As such, the Court **GRANTS** Ladd's motion to dismiss Plaintiffs' Fourteenth Amendment claims insofar as they attempt to raise these particular substantive due process claims.

Finally, the Court **GRANTS** Ladd's motion to dismiss Plaintiffs' RICO claims without prejudice. However, Plaintiffs' counsel may amend the RICO claims in Counts 29 and 32

so as to specifically identify the specific subsections of **§ 1962** upon which they rely, along with factual allegations necessary to support any such claim.

As noted in the Court's previous Order (Doc. 73), the amended complaint shall be filed **no later than June 23, 2009.** All amendments shall only be made within the body of Counts 17, 23, 29, and 32. Additionally, the complaint may only be amended insofar as any such amendment is consistent with this Order. To be clear, this Order only permits Plaintiffs to make changes to Counts 17, 23, 29, and 32, and those changes must be consistent with this Order.

As also noted in the Court's recent Order (Doc. 73), the Court **EXTENDS** the dispositive motions deadline to **July 1, 2009.**

**IT IS SO ORDERED.**

**DATED this 16th day of June 2009**.

<div style="margin-left:50%">

**s/ Michael J. Reagan**
**Michael J. Reagan**
**United States District Judge**

</div>